[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 I CT Page 8579
This matter concerns a claim of use by police officers of excessive force in effecting an arrest. The plaintiff, James Gargiulo III, brings an action in two counts against the defendants Kevin McCarthy and Michael D'Amato, officers of the East Haven Police Department, alleging acts constituting assault and battery in violation of his constitutional rights, in connection with an incident taking place on or about May 12, 1991, in the Town of East Haven.
A hearing on the merits was held on April 6, 2000, at which all parties appeared and were represented by counsel. Prior to trial the plaintiff withdrew his complaint as to the defendants, the Town of East Haven, the East Haven Police Department, and police officers Joseph Buonome and Jeffrey Emmons. The hearing proceeded on the plaintiff's Amended Revised Complaint. The Amended Revised Complaint is in Two Counts.
The First Count alleges that on the date in question, Officer Kevin McCarthy, acting under the color and pretense of the statutes, ordinances, charters, customs, and usages of the Town of East Haven and the State of Connecticut, without just cause, provocation and reason, physically assaulted and beat the plaintiff about the head, face, back and body, after the plaintiff had been placed under arrest and handcuffed in violation of the plaintiffs rights under the Fourth, Fifth andFourteenth
Amendments to the United States Constitution; Article First, Sections Seven, Eight and Nine of the Constitution of the State of Connecticut; and Title 42, United States Code, Sections 1983 and 1988.
The Second Count repeats the allegations of the First Count, but with reference to the conduct of Officer D'Amato.
The defendants had filed an Answer to the plaintiff's revised Complaint on September 15, 1993, denying any wrongdoing and raising eight Special Defenses. At the time of trial, counsel for the defendants claimed said special defenses with reference to the allegations of the Amended Revised Complaint.
 II
Based on the testimony and evidence presented, the Court makes the following findings of fact:
On May 12, 1991, the plaintiff was a resident of the Town of East Haven, residing with his parents. He was twenty one years of age. He was approximately six feet in height and weighed approximately 250 pounds. He had no police record. Around 5:30 p.m., the defendant decided to attend a party at a residence in the Cosey Beach area of East Haven. The plaintiff CT Page 8580 and a friend proceeded to the party and the plaintiff remained for approximately three hours. A fee was charged for admission to the party. The party featured some 30 kegs of beer, food and a disk jockey. Two hundred or more people attended. During this time the plaintiff consumed five or six beers, served in keg cups. The party ended around 8:30 p.m. The plaintiff and many others crossed the street to a public parking lot and were "hanging out" in said lot. The crowd numbered 150 to 200 individuals. Some individuals were holding open containers of beer. Just prior to 9 p.m. a police car arrived at the lot. The defendant, Officer McCarthy emerged and ordered the crowd to disperse. People in the crowd yelled and shouted at the officer McCarthy confronted two friends of the plaintiff, Miserendino and Connors and told Connors to hand over his beer. Miserendino and Connors became verbally abusive. The plaintiff approached and told the officer to leave his friends alone. The officer told the plaintiff to leave. The plaintiff turned away and stated loudly that he should kick McCarthy's ass and that everybody present should do so. The plaintiff then walked over to the public beach area adjacent to the party residence. Following the order to disperse, people were running along the beach. Officer McCarthy waited for backup and after Officer D'Amato arrived, began looking for Miserendino, Connors and the plaintiff with a view to arresting them.
Shortly thereafter, Officer McCarthy spotted the plaintiff sitting on a bench near the beach. McCarthy approached the plaintiff, told him he was under arrest for breach of peace and threatening and led the plaintiff to Officer D'Amato's vehicle, parked some 20 feet away and placed the plaintiff in handcuffs. In the course of this activity, the officers directed the plaintiff to enter D'Amato's vehicle. The plaintiff refused. Sergeant Buonome, the defendants' supervisor, arrived on the scene and ordered the defendants to place the plaintiff in D'Amato's vehicle. The officers attempted to place the plaintiff in the rear seat of D'Amato's vehicle. The plaintiff resisted being placed in the vehicle. The officers used force to place the plaintiff in the vehicle. Officer D'Amato then transported the plaintiff to the East Haven police station where he was processed and released to his parents after a bond was posted. At the time of his release, photographs were taken which showed bruising on the plaintiffs forearm and a mark on his abdomen. The plaintiff then went to Yale New Haven Hospital, where he was examined and released. The plaintiff was charged with resisting arrest, threatening a police officer and inciting a riot. The plaintiff eventually admitted to creating a public disturbance, and paid a fine.
 III
Article IV, Amendments to the Constitution of the United States provides, in pertinent part: "The right of the people to be secure in CT Page 8581 their persons, houses, papers, and effects, against unreasonable searches and seizures shall not be violated . . ."
42 U.S. Code, S. 1983 reads in pertinent part: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . ."
"[A]ll claims that law enforcement officers have used excessive force — deadly or not — in the course of an arrest, investigatory stop, or other "seizure" of a free citizen should be analyzed under theFourth Amendment and its "reasonableness" standard . . .", Weyel v. Catania,52 Conn. App. 292, 296, quoting from Graham v. Connor, 490 U.S. 386,395, 109 S.Ct. 1865, 164 L. E.2d 443 (1989). "Our Fourth Amendment jurisprudence has long recognized that the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it," Weyel v.Catania, supra, at 296-97; quoting from Graham v. Connor, supra, at 395. "As a general rule, police officers are entitled to qualified immunity if (1) their conduct does not violate clearly established constitutional rights or (2) it was objectively reasonable for them to believe their acts did not violate these rights", Weyel v. Catania, supra, at 296 (citation omitted). [T]he question is whether the officers' actions are "" objectively reasonable" in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation, Graham v. Connor, supra, at 397. The "reasonableness" of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight, Id. at 396 (citation omitted). The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments — in circumstances that are tense, uncertain, and rapidly evolving — about the amount of force that is necessary in a particular situation, Id., at 396-97. The proper application of this "reasonableness" test requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the subject poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight, Id., at 396.
 V
The viability of any of the plaintiffs claims, be they sounding in CT Page 8582 tort, in violation of the plaintiffs constitutional rights or in deprivation of rights protected by 42 US Code, S. 1983, depends upon the plaintiff establishing that the officers' use of force in the circumstances of the incident at issue was excessive. This the plaintiff has failed to do. There is no claim here of false arrest. The Court finds that the plaintiff has failed to establish, by a fair preponderance of the evidence, that the force exerted by either defendant, in seeking to place the plaintiff in the rear seat of D'Amato's cruiser, nor any other actions of either officer in the course of the incident at issue was excessive or beyond that reasonably necessary to effect a lawful purpose. Assuming, arguendo, that the defendants exerted more force on the plaintiff than necessary to accomplish their lawful purpose (the arrest and speedy removal of the plaintiff from the scene), the defendants have established their defense of qualified immunity. Based upon the facts found, the Court finds that it was objectively reasonable for the defendants to believe that their acts did not violate clearly established constitutional rights of the plaintiff. In so finding, the Court takes into consideration the large number of partygoers in the area, the officers' reasonable concern that prolonged resistance by the plaintiff could attract the attention of the crowd with potentially explosive consequences, the size of the plaintiff, and his physical resistance to being placed in the police cruiser.
 VI
The plaintiff having failed to establish, by a fair preponderance of the evidence, any of his claims, judgment may enter in favor of the defendants, Kevin McCarthy and Michael D'Amato.
By the Court,
 ________________________ Downey, J.